(28 Misc. Rep. 558.)

H. L. JUDD & CO. v. BENNETT et al.

(Supreme Court, Appellate Term. July 26, 1899.)

1. ASSIGNEE FOR BENEFIT OF CREDITORS—LIABILITY FOR RENT.
   An assignee for the benefit of creditors is not liable for the rent under a lease by his assignor, unless he assumes the obligation, either by an express agreement or by unequivocal acts.

2. SAME—ELECTION TO ASSUME LEASE.
   Assignees for the benefit of creditors transferred a lease entered into by their assignor, but disclaimed that they had any right, title, or interest therein, and expressly stated in the writing that the transfer was for the purpose of transferring such interest, if by any possibility they had it. The landlord had no information of the transfer. The sheriff took possession, and sold, under attachments issued against assignor, goods on the leased premises, and the assignees removed some things not sold. Held, that an election on the part of the assignees to assume the lease was not shown.

3. SAME—REASONABLE TIME.
   An assignee for the benefit of creditors has a reasonable time to determine whether to assume a lease entered into by the assignor.

4. APPEAL—REVIEW—REASONABLE TIME.
   A decision of the trial court that six days, including a Sunday, was not an unreasonable time for assignees for the benefit of creditors to decide whether to assume a lease entered into by the assignor, will not be disturbed.

Appeal from municipal court, borough of Manhattan, First district.

Action by H. L. Judd & Co. against Josiah Q. Bennett, Robert F. Herrick, and Herman Reimers to recover rent. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Baggott & Ryall, for appellant.

Pinney & Thayer, for respondents.

MacLEAN, J. The two defendants first named were appointed assignees for the benefit of the creditors of a corporation. in an assignment made and recorded at Boston, June 16, 1898, and wherein it was provided that the third defendant (Reimers) might be joined also as an assignee. He was so joined June 18th. The assignor had occupied the entire first loft of the plaintiff's building (in which the plaintiff had also its place of business) at No. 89 Chambers and No. 71 Reade streets, under a lease for the term of three years from August 1, 1896, at $1,750 per annum, payable in equal monthly payments. On June 16th—the day whereon the assignment was recorded in Boston—the sheriff of New York county, under an attachment procured by the firm of which the defendant Reimers was a member, levied upon the assignor's chattels in the New York premises, put keepers in charge, and thereafter remained, according to an admission for the purposes of this case, "in possession," until Tuesday, August 2d, when he sold the chattels under the execution into which the attachment had ripened. Other attachments were received by the sheriff, beginning with one in favor of the attorneys of the plaintiff herein, which came to him June 18th. Pending the sheriff's possession, former employés of the assignor, under instructions of the sheriff, and by permission of the attaching creditors, made sales from the stock, the proceeds of which were turned over to the sheriff, and held by him under the attachment. By Monday, the 8th of August, the purchasers at the sale had taken away their goods, and the assignees had removed some things not sold,—desks, and the like furniture. The sheriff took the books. This action was brought, as appears by the title, against the defendants individually, and not as assignees. It was brought to recover the rental stipulated in the lease for the months of June, July, and August, 1898.

To show that assignees for the benefit of creditors are liable for the rental under a contract of hiring by their assignor, it is necessary to show that they have assumed the obligation, either by an express agreement or by unequivocal acts. None of these here appear. There was no oral communication between the parties respecting the lease or premises. When the defendants learned of the existence of the lease, they bade their attorneys write, and their attorneys wrote, to the plaintiffs, that they had not accepted, and would not accept or assume it. A fortnight later, on the day before the sale by the sheriff of the chattels attached, the assignees transferred the lease, if thereto any right or title they had, to one Thorp, at the same time disclaiming that they had any such right, title, or interest, and saying expressly in the paper that the transfer was for

the purpose and intention of transferring such interest, if by any possibility they had it. Great stress is laid upon this paper as an expression of election on the part of the defendants to assume the lease. It is difficult, however, to put upon it any such interpretation. It was, moreover, a transaction between other parties, of which the plaintiff landlord had no information. The sheriff's custody of the goods upon the premises, herein called "possession," was not the possession of the defendants, of whom he was not the agent. If the landlord was unwilling to allow the sheriff to keep the chattels attached where he found them, proceedings should have been brought to dispossess him, for the sheriff did not become a tenant through the levy or the maintenance of custody, and was not bound to pay the landlord. The assignees had a reasonable time to determine whether an assumption of the lease would be for the benefit of the estate. No case is cited as holding that six days, of which one was Sunday, is an unreasonable time for such election, and the justice's determination upon the facts that it was reasonable is not to be disturbed.

Judgment affirmed, with costs.

FREEDMAN, P. J., concurs. LEVENTRITT, J., concurring in result.